### LISSA *et al. v.* GOODKIND *et al.*

*(Superior Court of New York City, General Term.* April, 1889.)

NEGLIGENCE—PROVINCE OF COURT AND JURY.

In an action for injuries caused by an overflow of water in a building of which defendants occupied an upper and plaintiffs a lower floor, where plaintiffs do not show that defendants knew or had reason to know that plaintiffs had changed their custom of shutting off the water on their floor every night, and it appears that if that custom had been adhered to no overflow could have occurred, it is proper to direct a verdict for defendants, as the injury was caused by plaintiffs' negligence.

Appeal from jury term.

Action by Henry Lissa and others against Emil Goodkind and others. Verdict and judgment for defendants, and plaintiffs appeal.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*Sol. Kohn,* for appellants. *Rose & Putzel,* for respondents.

O'GORMAN, J. The learned trial judge in this case, after hearing evidence on behalf of the plaintiffs and of the defendants, directed a verdict in favor of the defendants. In the statement made by the judge of his reason for his ruling, he stated with clearness and precision the defect of the evidence for the plaintiffs, and I see no cause to dissent from his conclusion. The plaintiffs failed to prove that the defendants, who occupied an upper floor of the building in which plaintiffs and they carried on their respective occupations, knew, or had reason to know or suspect, that plaintiffs had made any permanent change in their custom of shutting off the water on plaintiffs' floor every night. If that custom had been adhered to on the night of the overflow on defendants' floor, no overflow there could have taken place. No duty was imposed on them of taking any precaution to avert an accident, which they could not have expected or foreseen. Under such circumstances there was no negligence on their part, and it was wholly caused by the negligence of the servant of the plaintiffs. The case did not present a question of conflict of evidence. The great preponderance of evidence was clearly in favor of the defendants, and if the case had been sent to the jury, and they had found a verdict for the plaintiffs, an appellate court would doubtless have directed a new trial. *Dwight* v. *Insurance Co.*, 103 N. Y. 358, 8 N. E. Rep. 654. The judgment rendered in the case should be affirmed, with costs.

SEDGWICK, C. J., concurs.